STATE OF HAWAII, Plaintiff-Appellee, *v.* JACK KUAHUIA, Defendant-Appellant

NO. 7008

SEPTEMBER 10, 1980

RICHARDSON, C.J., OGATA, MENOR, JJ.,
RETIRED JUSTICE KOBAYASHI AND CIRCUIT JUDGE LUM,
ASSIGNED BY REASON OF VACANCIES

*Per Curiam.* This is an appeal by the defendant who was convicted of a firearms violation, under HRS § 134-6. At issue is whether the trial court erred in denying his motion to suppress a rifle seized by the police.

Officers Kornegay and Sensano were on patrol at approximately 8:55 p.m. when they received a call from the police dispatcher. The latter advised them that he had received information from an informant, who refused to identify himself, that a local male in a white Datsun or Toyota sedan bearing license number FT-4398 had just been seen in the Liliha Square Shopping Center with a rifle in the back of the car. The officers immediately drove towards the shopping center and upon arrival, saw the described automobile leaving the area and turning left onto Liliha Street. The officers followed and after verifying its license number, they stopped the automobile. A local female was driving and with her was a local male. After positioning their vehicle behind the stopped vehicle, Officer Kornegay approached the defendant's car and noticed the butt end of a rifle protruding from a blue plastic bag on the floor board behind the front seat. He took

the gun into his custody and it is this firearm which the defendant sought to have suppressed.

The defendant claims that the police had no right to stop his vehicle. He argues that there was nothing about his conduct or that of the driver, or in the movement of the automobile, that could have led the police to reasonably believe that crime was possibly in progress. We agree that the defendant and the driver were not acting suspiciously; however, we disagree with his contention that the police had no right to make an investigative stop.

This case is unlike *State v. Joao*, 55 Haw. 601, 525 P.2d 580 (1974), where the reliability of the information upon which the stop was based had been largely attenuated by the absence of an "adequate anchor, as to time and place" of the alleged commission of the offense.[1] Accordingly, this court in *Joao* held that the officer was without sufficient cause to stop the defendant. On the other hand, in *State v. Kea*, 61 Haw. 566, 606 P.2d 1329 (1980), where the tip received from an unidentified informant was much more specific in its contents and dovetailed with corroboratory observations made by the police, this court found that the police were justified in stopping the defendant. Thus, the fact that an informant refuses to identify himself is not necessarily determinative of sufficient cause for an investigative stop. *Id.*

As in *Kea* the information received by the police came from an unidentified informant. The latter refused to identify himself but he did detail the time, the place, and his personal observation of the firearm in the vehicle at that time and place. Here, as in *Kea*, the facts suggested that the source of the tip was a citizen-informer who had observed firsthand the commission of an offense and was reporting his observations almost contemporaneously with the occurrence. This information was immediately relayed by the dispatcher to officers on patrol who promptly responded to verify and to act upon

---

[1] In Joao, moreover, no concentrated effort was made by the officer to whom the information was given to act upon the tip. It was only as an incident to his routine patrol duties that he chanced upon and stopped the defendant some five hours later.

the information. They saw the described vehicle at or near the place where the informant said he had just seen it; they verified the license number given to them by the informant; and they verified the presence of a local male in the vehicle. These observations upon arrival at the scene substantially confirmed the reliability of the information received, and especially because a firearm was allegedly involved, the police were duty-bound to make at least a temporary stop for investigative purposes. *See State v. Ogata,* 58 Haw. 514, 572 P.2d 1222 (1977); *State v. Goudy,* 52 Haw. 497, 479 P.2d 800 (1971). Upon approaching the stopped automobile the officers saw, in plain view, the butt end of the firearm. Under these circumstances its seizure was proper. *Id.* Quite obviously, this was not a situation where, following the stop, the defendant was ordered out of his vehicle and impermissibly frisked. *See State v. Joao, Jr.,* 56 Haw. 216, 533 P.2d 270 (1975).

Affirmed.[2]

*Steve K. Miyasaka,* Deputy Public Defender on the briefs for defendant-appellant.

*Stanley M. Chow,* Deputy Prosecuting Attorney on the brief for plaintiff-appellee.

---

[2] In the circumstances of this case, we find the defendant's other arguments to be without merit.