STATE OF HAWAII, Plaintiff-Appellee, *v.* ENELE G. SCANLAN, Defendant-Appellant, and ALFRED I. CORPUZ, VIVENCIO P. BARUT, JR., and FELIX SCANLAN, also known as Felisi G. Scanlan, Defendants

NO. 7908

(CRIMINAL NO. 53171)

AUGUST 2, 1982

RICHARDSON, C.J., LUM, NAKAMURA, JJ.,
AND RETIRED JUSTICES OGATA AND MENOR
ASSIGNED TEMPORARILY

*Per Curiam.* Once again we examine the concept of reasonable expectation of privacy in protecting persons from unconstitutional searches and seizures[1] by the government.

_____

[1] Fourth amendment, United States Constitution, and art. I, § 7, Hawaii State Constitution.

The instant appeal stems from a jury conviction of defendant-appellant Enele G. Scanlan for robbery in the first degree. His pretrial motion to suppress incriminatory evidence seized by the police without a search warrant was denied by the court. Whether defendant had a legitimate expectancy of privacy to the area searched by the police to effectuate the seizure is the question before us. If we find that defendant is entitled to such expectancy, it follows that the trial court erred in denying the pretrial motion, and we would be required to reverse. However, our examination of the record convinces us that the trial court did not err on the issue and the other issues raised in this appeal; accordingly, we affirm.

## I.

On the night of the robbery, the victim was taken to Dabio's junkyard. The victim escaped and made a report to the police. The police immediately conducted a search of the junkyard to recover the items allegedly taken from the victim. The search was done without a search warrant and without the consent of the owner or manager of the premises. The articles seized were not in open view.

In the hearing before the lower court, defendant merely showed that he had on occasions slept and on other occasions worked on his car in the junkyard with the permission of the manager.

Defendant does not claim a possessory or property interest to the items seized, nor does he claim to have the same interest to the premises of Dabio's junkyard. He correctly argues that his constitutional rights are not dependent upon his standing to show such interest, but instead are dependent upon his reasonable expectation of privacy to the searched area. We agree with his analysis but disagree with his conclusion that his occasional legitimacy on the premises gave rise to a legitimate expectation of privacy.

## II.

A defendant who seeks to benefit from the protections of the exclusionary rule has the burden of establishing not only that the evidence sought to be excluded was unlawfully secured, but also that his own constitutional rights were violated by the search and seizure

challenged. *Rakas v. Illinois,* 439 U.S. 128, 133-41 (1978); *State v. Abordo,* 61 Haw. 117, 120-21, 596 P.2d 773, 775 (1979). His ability to invoke the constitutional protections against unreasonable search and seizure depends upon whether he had a legitimate expectation of privacy in the invaded place. *Katz v. United States,* 389 U.S. 347, 360-61 (1967) (Harlan, J., concurring); *State v. Abordo, supra* at 122, 596 P.2d at 776. Two different considerations come into play: first, the individual involved must have exhibited an actual expectation of privacy; second, the expectation must be one that society is prepared to acknowledge as reasonable. *Katz v. United States, supra; State v. Abordo, supra* at 122, 596 P.2d at 776.

In developing criteria to determine whether a reasonable expectation of privacy existed, we have considered the nature of the place involved, the interest asserted by the defendant in the area searched, and the precautions taken by the defendant to insure his privacy. *See State v. Abordo, supra* at 123, 596 P.2d at 777; *State v. Kender,* 60 Haw. 301, 588 P.2d 447 (1978); *State v. Kaaheena,* 59 Haw. 23, 575 P.2d 642 (1978).

### III.

Defendant's claim to privacy can only be sustained if it is reasonable in light of all the surrounding circumstances, and there is no single criterion, based upon an objective standard, which determines his right to reasonable expectation of privacy for constitutional purposes. His assertion to occasional legitimacy on the premises, just as the assertion to property or possessory interest, may be considered but it alone is not a controlling consideration. Standing alone, it cannot give rise to constitutional privacy expectation. *See State v. Dias,* 62 Haw. 52, 609 P.2d 637 (1980).

Thus, we hold that defendant has failed to meet his burden of showing that his own constitutional rights were violated.

Affirmed.

*Myles T. Yamamoto* on the brief for defendant-appellant.

*Arthur E. Ross,* Deputy Prosecuting Attorney, on the brief for plaintiff-appellee.