STATE OF HAWAII, Plaintiff-Appellee, *v.* SHIRLEY PRZERADSKI, Defendant-Appellant

NO. 8577

(CRIMINAL NO. 6274)

FEBRUARY 3, 1984

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

Defendant Shirley Przeradski (Defendant) appeals her conviction on twelve counts of theft in the first degree in violation of Hawaii Revised Statutes (HRS) § 708-831(1)(b) (1976).[1] Although Defendant raises numerous points on appeal, the dispositive issue is whether the trial court erred in denying her motion to suppress made during the jury trial. We answer yes and reverse.

I.

Detective Lanny Tihada (Tihada) of the Maui Police Department, the State's first witness, gave the following testimony. On November 25, 1980, he obtained a search warrant authorizing the search of the home of Harold Aotaki, Sr. (Aotaki) located in Lahaina, Maui, "for property described as including, a manila type folder containing a name list of all investors, pamphlets, records, various sized envelopes containing United States currency, letters to investors, and other written matter which relate to the written details of the fraudulent investment scheme and the theft of investor's [sic] funds." Defendant's Exhibit A. The warrant authorized the seizure of the described items if found on the premises. *Id.*

The warrant was issued on Tihada's affidavit in which he stated that the director of the State Consumer Protection Office informed him that he was aware of "the purported investment scheme going on in Lahaina," but that he had no "information as to the identity of either the victims or the responsibles [sic]." The only alleged participant in the scheme mentioned in the affidavit was a Kazuo Kishi.

That evening Tihada and other police officers entered Aotaki's home and executed the warrant. There were approximately 17 persons, including Defendant, in the house. Defendant was seated at a table on which were several opened envelopes and other papers. A

---

[1] Hawaii Revised Statutes (HRS) § 708-830 (1976, as amended) defines "theft" and HRS § 708-831(1)(b) provides:

(1) A person commits the offense of theft in the first degree if he commits theft:

* * * * *

(b) Of property or services the value of which exceeds $200[.]

plastic beach bag was on the floor near her feet. As the officers approached, she pushed the bag away with her foot. However, when they began searching the bag, Defendant objected, stating that the contents belonged to her. The search of the bag disclosed a brown paper sack in which there was $54,000 in cash, which was seized. The officers also searched Defendant's handbag and seized an address book found therein.

After Tihada so testified and while he was still on the witness stand, defense counsel moved to suppress further testimony concerning the seized evidence and to strike all related testimony already given.[2] The motion was denied. When the State rested, defense counsel renewed her motion to suppress, which the trial court denied.

After the jury rendered its guilty verdict, Defendant was given concurrent five-year prison sentences and she appealed.

## II.

Defendant contends that (1) the search warrant did not authorize the search of any person or personal belongings, (2) there was no probable cause to search Defendant's plastic beach bag and handbag, and (3) consequently, the search of the bags and seizure of the money and address book violated her right against unreasonable search and seizure guaranteed by the fourth amendment of the United States Constitution and article I, section 7, of the Hawaii State Constitution. We agree.

### A.

Rule 12(b)(3), Hawaii Rules of Penal Procedure (HRPP) (1981), provides that a motion to suppress evidence "must be raised prior to trial" and Rule 12(f), HRPP (1981), states that failure to do so "shall constitute waiver thereof." Since Defendant failed to make any

---

[2] Although the seized items themselves were not admitted into evidence at trial, testimony regarding them was, and "verbal evidence as well as physical evidence may be the tainted fruit of an unlawful search and therefore suppressed." *United States v. Fredericks,* 586 F.2d 470, 479 (5th Cir. 1978), *cert. denied,* 440 U.S. 962, 99 S.Ct. 1507, 59 L.Ed.2d 776 (1979).

pretrial motion to suppress and raised the unreasonable search and seizure objection after trial had commenced, the case presents a threshold question of waiver. *Cf. State v. Pokini,* 45 Haw. 295, 367 P.2d 499 (1962).

The record discloses that when Defendant made the motion to suppress, the State objected, *inter alia,* on the ground that the motion was untimely. However, without comment, the trial court heard argument on the merits from both sides, and, thereafter, denied the motion. Rule 12(f), HRPP, provides that "the court for cause shown may grant relief from the waiver." By hearing arguments, the trial court impliedly granted such relief.

Federal cases hold that if an appellant failed to move to suppress evidence before trial, but "the district judge entertained and ruled on a suppression motion during trial," the issue is properly before the appellate court.[3] *United States v. Contreras,* 667 F.2d 976, 978 n.2 (11th Cir.), *cert. denied,* ____ U.S. ____, 103 S.Ct. 109, 74 L.Ed. 2d 97 (1982); *United States v. Hicks,* 524 F.2d 1001 (5th Cir. 1975), *cert. denied,* 424 U.S. 946, 96 S.Ct. 1417, 47 L.Ed.2d 353, *cert. denied,* 425 U.S. 953, 96 S.Ct. 1729, 48 L.Ed.2d 197 (1976); *United States v. Seay,* 432 F.2d 395 (5th Cir. 1970), *cert. denied,* 401 U.S. 942, 91 S.Ct. 949, 28 L.Ed.2d 223 (1971). *See also Marshall v. United States,* 436 F.2d 155 (D.C. Cir. 1970); 8 J. Moore, Moore's Federal Practice, *Criminal* ¶ 12.03[3] (2d ed. 1983). *Cf. United States v. Gougis,* 374 F.2d 758 (7th Cir. 1967) (motion to object to joinder of defendants not made before trial). We follow the federal authorities and hold that the unreasonable search and seizure question is properly before us for determination.

## B.

A lawfully issued warrant for the search of a premises "gives the officers executing it authority to search, in a reasonable manner,

---

[3] Rule 12 (f), Federal Rules of Criminal Procedure (FRCrP), contains language almost identical to that in Rule 12(f), Hawaii Rules of Penal Procedure (HRPP). Prior to the 1975 amendment which added subsection (f) to Rule 12, FRCrP, Rule 12(b)(2), FRCrP, provided in part: "Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver."

whatever spots within the described premises their professional experience indicates may be used as a cache." *State v. Davenport,* 55 Haw. 90, 100, 516 P.2d 65, 72 (1973). This general precept, however, does not sanction the search of a non-resident of the premises or his belongings solely on the basis of the warrant when he is only on the premises as a visitor at the time of the search, *State v. Nabarro,* 55 Haw. 583, 525 P.2d 573 (1974), since such person is "clothed with constitutional protection against an unreasonable search or an unreasonable seizure." *Ybarra v. Illinois,* 444 U.S. 85, 91, 100 S.Ct. 338, 342, 62 L.Ed.2d 238, 246 (1979).

Those cases do not hold, however, that in the course of executing a warrant for a premises search, the police may never search a non-resident visitor or his belongings. Under certain circumstances, such non-resident and his belongings may be subjected to a search. These exceptions, as the cases denote them, are dependent on the facts in each case and generally fall within the rationale justifying warrantless searches.

First, a visitor to the premises being searched obviously can consent to having himself and his belongings searched, provided that such consent is freely given and not coerced. *State v. Patterson,* 58 Haw. 462, 571 P.2d 745 (1977).

Second, a "searched-for item in 'plain view' on the person" or in his possession may be seized. *State v. Nabarro,* 55 Haw. at 589, 525 P.2d at 577. However, it should be noted that the police officer must be in a lawful position to observe the item before such a seizure is permissible. *State v. Kuahuia,* 62 Haw. 464, 616 P.2d 1374 (1980); *State v. Ogata,* 58 Haw. 514, 572 P.2d 1222 (1977).

Third, where there has been a valid arrest, the United States Supreme Court has held that the police may search the person arrested or his belongings incident to that arrest. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Such a search must be confined to the person and the area in his immediate control. *Id.; See also State v. Paahana,* 66 Haw. ___, 666 P.2d 592 (1983); *State v. Melear,* 63 Haw. 488, 630 P.2d 619 (1981). However, while the United States Supreme Court has held that such a search can be broadly undertaken, *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Gustafson v. Florida,* 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973), our supreme court has construed this exception very narrowly under the Hawaii Constitution.

In *State v. Kaluna,* 55 Haw. 361, 372, 520 P.2d 51, 60 (1974), it held that "a search incident to a valid custodial arrest does not give rise to a unique right to search," and that "a search is lawful only if no broader than necessary in light of the justification." *See also State v. Jenkins,* 62 Haw. 660, 619 P.2d 108 (1980).

Fourth, a warrantless search is reasonable where there is probable cause to search plus exigent circumstances. *State v. Kapoi,* 64 Haw. 130, 637 P.2d 1105(1981). "[P]robable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been [or was being] committed," *State v. Delmondo,* 54 Haw. 552, 554, 512 P.2d 551, 553 (1973) (quoting *Henry v. United States,* 361 U.S. 98, 102, 80 S.Ct. 168, 171, 4 L.Ed.2d 134, 138 (1959) ), and "[a]n exigency, for the purposes of a warrantless search or seizure, exists when immediate police action is required to prevent imminent danger to life or serious damage to property, or to forestall the likely escape of a suspect or the threatened removal or destruction of evidence." *State v. Dorson,* 62 Haw. 377, 384, 615 P.2d 740, 746 (1980). The United States Supreme Court has viewed "hot pursuit" as yet another exception to the warrant requirement, *Warden v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967), but our supreme court sees it as "merely a criterion to be considered in determining if, given probable cause, exigency exists to justify a warrantless search." *State v. Elderts,* 62 Haw. 495, 498, 617 P.2d 89, 92 (1980).

Finally, *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), created an exception to the requirement of probable cause and the police may stop and frisk an individual where there is "a reasonable belief that he [is] armed and presently dangerous." *Ybarra v. Illinois,* 444 U.S. at 92-93, 100 S.Ct. at 343, 62 L.Ed.2d at 246. *See also State v. Barnes,* 58 Haw. 333, 568 P.2d 1207 (1977); *State v. Joao,* 55 Haw. 601, 525 P.2d 580 (1974).

Furthermore, a search conducted without a warrant "carries an initial presumption of unreasonableness." *State v. Kaluna,* 55 Haw. at 363, 520 P.2d at 55. Thus, the burden of proof is on the State to justify a warrantless search. *See Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *State v. Patterson, supra; State v. Crowder,* 1 Haw. App. 60, 613 P.2d 909 (1980).

Based on the facts in the record, none of the exceptions is applicable in this case. The defendant did not consent to the search.

Rather, she objected to it. Although her plastic beach bag and handbag may have been easily visible to the police, their contents were not. Defendant was not placed under arrest on the night of the search. In fact, Tihada testified that "[they] didn't know Shirley Przeradski" (Trial Transcript at 378), so the police had no probable cause to arrest her. There is no allegation by the State that there was probable cause for the search and that an "exigency" justifying the search existed. There was no "hot pursuit" involved in the case. Finally, there was no frisking of the Defendant as in *Ybarra v. Illinois, supra.*

## C.

Citing *State v. Scanlan,* 65 Haw. 159, 161, 649 P.2d 737, 738 (1982), the State argues that (1) a defendant's "ability to invoke the constitutional protections against unreasonable search and seizure depends upon whether she had a legitimate expectation of privacy in the invaded place," (2) Defendant had no reasonable expectation of privacy in the plastic beach bag, and (3) consequently, there was no constitutional violation regarding the search of the bag. We disagree.

Here the "invaded place" was a plastic beach bag in which personal effects are commonly stored and transported. We hold as a matter of law that Defendant had a reasonable expectation of privacy in the bag. *See State v. Joyner,* 66 Haw. ___, 669 P.2d 152 (1983) ("invaded place" was a vinyl athletic bag).

## D.

The State argues generally that if the court below erred, such error was harmless. We disagree.

The United States Supreme Court has stated that "[t]he question is whether there is a *reasonable possibility* that the evidence complained of *might have contributed* to the conviction." *Fahy v. Connecticut,* 375 U.S. 85, 86-87, 84 S.Ct. 229, 230, 11 L.Ed.2d 171, 173 (1963) (emphasis added). There is a further requirement that such error be harmless "beyond a reasonable doubt." *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 710 (1967). In this case, Tihada testified in open court about the seizure of the

$54,000.00. Such a large amount of cash must have made an impression on the jury. Obviously, this testimony contributed to the conviction of Defendant.

Additionally, our supreme court has stated that "any violation of a defendant's constitutional rights is presumed prejudicial unless rebutted by the prosecution." *State v. Caraballo,* 62 Haw. 309, 323, 615 P.2d 91, 100 (1980); *State v. Okumura,* 58 Haw. 425, 570 P.2d 848 (1977). Here, the State did not overcome the presumption. It presented no evidence and cited no legal authority for the proposition that the error was harmless.

### III.

We hold that the warrantless search of Defendant's beach bag and handbag constituted a violation of Defendant's constitutional rights and the trial court erred in denying her motion to suppress.

Reversed and remanded for further proceedings consistent herewith.

*Samuel P. King, Jr.* for defendant-appellant.

*Artemio C. Baxa,* Deputy Prosecuting Attorney, for plaintiff-appellee.