**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000706
27-JUN-2023
08:11 AM
Dkt. 41 SO**

NO. CAAP-21-0000706

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JOSHUA PARTRIDGE, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTC-21-601509)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Nakasone and McCullen, JJ.)

Defendant-Appellant Joshua Partridge (**Partridge**) appeals from the Judgment and Notice of Entry of Judgment entered on October 29, 2021 (**Judgment**), in the District Court of the Second Circuit, Wailuku Division (**District Court**).[1] After a bench trial, Partridge was convicted of Excessive Speeding in violation of Hawai'i Revised Statutes (**HRS**) § 291C-105(a)(1) or

---

[1] The Honorable Christopher M. Dunn presided.

(2) (2020)[2] and sentenced in accordance with HRS § 291C-105(c)(2) (2020).[3]

Partridge raises two points of error on appeal, contending that: (1) the District Court erred in denying his oral motion to dismiss the June 18, 2021 Amended Complaint where the charge failed to give him notice of the nature and cause of the accusation against him; and (2) his sentence for Excessive Speeding as a second conviction within five years under HRS § 291C-105(c)(2) must be vacated where there was no admissible evidence of a prior conviction.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Partridge's points of error as follows:

(1) Partridge contends the Excessive Speeding charge violated his constitutional rights to due process under the Sixth Amendment of the Constitution of the United States and article I, § 5 of the Constitution of the State of Hawaiʻi because the Amended Complaint failed to define the term "applicable state or county speed limit," which is separately defined in HRS § 291C-

---

[2] HRS § 291C-105(a) states:

**§ 291C-105 Excessive speeding.** (a) No person shall drive a motor vehicle at a speed exceeding:

(1) The applicable state or county speed limit by thirty miles per hour or more; or

(2) Eighty miles per hour or more irrespective of the applicable state or county speed limit.

[3] HRS § 291C-105(c)(2) provides enhanced sentencing instructions for "an offense that occurs within five years of a prior conviction for an offense under th[e same] section."

105(b),[4] and is an attendant circumstance of the offense. Partridge submits that by omitting the definition, Plaintiff-Appellee State of Hawaiʻi (the **State**) failed to provide Partridge with fair notice of which state or county speed limit he was accused of exceeding.[5]

"Whether a charge sets forth all the essential elements of a charged offense is a question of law, which we review under the *de novo*, or right/wrong, standard." State v. Mita, 124 Hawaiʻi 385, 389, 245 P.3d 458, 462 (2010) (citation omitted; format altered). Here, the language in the Amended Complaint tracked the language of HRS § 291C-105(a)(1) and (c)(2), alleged that Partridge committed the offense of Excessive Speeding — as a second offense in five years — when he drove 77 miles-per-hour in a 45 mile-per-hour zone, and did so within five years of a prior conviction for the same offense. See State v. Garcia, 152

---

[4]    Specifically, HRS § 291C-105(b) provides:

>        (b)  For the purposes of this section, "the applicable state or county speed limit" means:
>
>        (1)    The maximum speed limit established by county ordinance;
>
>        (2)    The maximum speed limit established by official signs placed by the director of transportation on highways under the director's jurisdiction; or
>
>        (3)    The maximum speed limit established pursuant to section 291C-104 by the director of transportation or the counties for school zones and construction areas in their respective jurisdictions.

[5]    Although Partridge arguably waived his argument concerning a defect in the charge by not raising it in a pre-trial motion, see Hawaiʻi Rules of Penal Procedure Rule 12(b)(2), (f), the District Court impliedly granted relief from the waiver by considering the argument on the merits, without comment on its timeliness. See State v. Przeradski, 5 Haw. App. 29, 31-32, 677 P.2d 471, 474-75 (1984).

Hawaiʻi 3, 8, 518 P.3d 1153, 1158 (2022) ("Generally if a charging document tracks an offense's statutory language, then the State doesn't need to load it with definitions of words defined elsewhere."). The statutory definition of "applicable state or county speed limit" is consistent with its commonly understood meaning, *i.e.*, the maximum speed permitted by law on a particular roadway. Moreover, the definition does not create an additional element of the offense, but merely describes three different ways the speed limit may be established. See Mita, 124 Hawaiʻi at 392, 245 P.3d at 465 ("[T]he State need only allege the statutory definition of a term when it creates an additional essential element of the offense, and the term itself does not provide a person of common understanding with fair notice of that element."). Thus, we conclude that the charge did not deprive Partridge of due process.

(2) Partridge contends that the District Court erred in admitting a driver's traffic abstract and a prior judgment for the same offense (both documents named Joshua Partridge and contained certain other identifying information), because the State failed to prove that Partridge was the same person named in those documents. On appeal, Partridge concedes that, in the District Court proceedings, he did not argue that the State failed to prove that Partridge was the person named in the documents. At no point in the proceedings below did Partridge contest that he was the person referenced in the State's exhibits.

4

We conclude that Partridge waived a challenge to the admissibility of the State's exhibits on the basis that they had not established that he was the same person named in those documents.  See State v. Moses, 102 Hawaiʻi 449, 456, 77 P.3d 940, 947 (2003) (arguments not raised at trial are waived on appeal); State v. Long, 98 Hawaiʻi 348, 353, 48 P.3d 595, 600 (2002) ("[A] 'lack of foundation' objection generally is insufficient to preserve foundational issues for appeal because such an objection does not advise the trial court of the problems with the foundation.").

For these reasons, the District Court's October 29, 2021 Judgment is affirmed.

DATED:  Honolulu, Hawaiʻi, June 27, 2023.

On the briefs:

Marshall K.P. Pautsch,
Deputy Public Defender,
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge