STATE OF HAWAII, Plaintiff–Appellee, v. SONJA PUA BATES, Defendant–Appellant, and ROBERT ALBERT PERRY and ROBERT MILTON WILLIAMSON, Defendants

NO. 12860

(CR. NO. 84–0203)

MARCH 22, 1989

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

Appellant Sonja Pua Bates appeals her conviction for Burglary in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 708–811, alleging several grounds of trial court error. First, Appellant contends that the admission into evidence of the preliminary hearing testimony of an absent State witness violated her sixth amendment right of confrontation because the State failed to make a good faith effort to locate the witness before trial. Second, Appellant argues that the trial court erred in excluding the exculpatory hearsay statements of her co–defendant Robert Williamson. Finally, Appellant contends there was insufficient evidence to support her conviction. We find no reversible error and therefore affirm the conviction.

I.

In the early morning hours of August 22, 1984, the police responded to a call regarding a possible burglary in progress of a food concession stand at Ala Moana Park. As the police approached the concession stand on foot, they observed Appellant seated at a picnic table outside the stand. Officer Michael Moses saw a window of the concession stand being raised, and an arm extend from the inside holding three or four paper bags.

He heard a male voice say, "Here Sonja, take this." He then heard Appellant say under her breath, "The cops, the cops." Moses entered the stand through the window and pursued and captured co–defendants Robert Perry and Robert Williamson. He noticed a tattoo on Perry's shoulder reading "Sonya." The paper bags contained cigarettes and loose change.

While Williamson was lying handcuffed on the floor of the concession stand, he said, "Okay, I'm busted, I'm busted. I just came in with the other guy." Later that morning, at the police station, Williamson confessed. When asked about the female who was arrested along with him and Perry, Williamson stated he did not know who she was, and that she was not with them and had nothing to do with the burglary.

Prior to trial, the court considered the State's notice of intention to introduce the preliminary hearing testimony of William Park, the owner of the concession stand. The State was unable to locate Park. Park had testified at the preliminary hearing, under cross–examination, that he recognized the three defendants as customers of the concession stand. He also testified that he observed signs of breaking and entering on the morning of August 22 after receiving notification of the burglary from the police, that he noticed some food items missing, and that he had not given the defendants permission to enter or take anything from the stand.

The State had issued a subpoena for Park on October 28, 1987, and the police department attempted to serve it four times. On November 29, the State became aware that the witness was not in Hawaii and assigned an investigator to attempt to locate him. The investigator was assigned to the case on December 7, one week before the trial date, December 14. The investigator checked Park's last known address and the new owners told him they believed Park was residing in Alaska. He did not make any further attempts to locate Park in Alaska.

The trial court allowed the State to introduce portions of Park's prior testimony over defense counsel's objection. The portion of the statement in which Park said he recognized the three defendants was excised.

Also prior to trial, Appellant moved in limine to admit the statements of co–defendant Williamson made at the time of his arrest and during his interrogation. Williamson was currently incarcerated in Georgia and was therefore unavailable to testify at trial. The court denied the motion, ruling that the statements were against penal interest but were inadmissible under Hawaii Rules of Evidence (HRE) Rule 804(b)(3) because of a lack of corroborating circumstances of trustworthiness.

A jury found Appellant guilty of burglary in the second degree and this appeal followed.

## II.

We first consider Appellant's claim that her constitutional right of confrontation was violated by the admission of the hearsay testimony of absent State witness William Park, the owner of the concession stand. Appellant argues that the State failed to make a "good faith effort" to locate the witness and therefore did not sufficiently demonstrate his unavailability.

Both the sixth amendment to the United States Constitution and article I, section 14, of the Hawaii Constitution provide that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" An exception to the right of confrontation allows the admission of the testimony of an unavailable witness who gave testimony at previous judicial proceedings against the same defendant which was subject to cross–examination by that defendant. *State v. Adrian*, 51 Haw. 125, 132–33, 453 P.2d 221, 226 (1969). However, the mere absence of a witness from the state is an insufficient showing of unavailability to dispense with the defendant's right of confrontation. *Id.* A witness is not "unavailable" for purposes of the exception to the confrontation requirement unless the prosecutorial authorities have made a good–faith effort to obtain his presence at trial. *State v. White*, 65 Haw. 286, 288, 651 P.2d 470, 472 (1982) (quoting *Ohio v. Roberts*, 448 U.S. 56, 74, 100 S. Ct. 2531, 2543, 65 L. Ed. 2d 597, 613 (1980)).

The record in this case establishes a good faith attempt on the part of the State to obtain the presence of William Park. After issuing a subpoena to compel Park's attendance and attempting to serve it four times, the State assigned an investigator to locate him. The investigator ran computer checks on Park's driver's license and motor vehicle registration. He checked the voting records, phone listings, Park's last known residence and work place, and talked to his former neighbors. He learned from the new owners of Park's former residence that they believed Park was residing in Alaska. The investigator testified that further attempts to locate Park in Alaska would be futile without additional specific information.

The State's attempts to locate the witness in this case are similar to those we upheld in *White, supra*, where the State's efforts consisted of

talking to the witness's mother and checking other locations where the witness was thought to have once resided as he had no known job, address or telephone. Thus, we agree with the trial court's determination that the State made a good faith attempt to secure the presence of Park. Moreover, any possible prejudice to the Appellant resulting from admission of Park's prior testimony was mitigated by eliminating from the transcript his statement that he recognized the three defendants as customers. We conclude, therefore, that the admission of Park's prior testimony at trial did not deprive Appellant of her constitutional right of confrontation.

## III.

Appellant next argues that the trial court erred in refusing to admit the hearsay statements of co-defendant Robert Williamson who was unavailable to testify at trial. Appellant claims that the court should have admitted Williamson's allegedly exculpatory statement, "I'm busted, I'm busted. I just came with the other guy," made at the time of his arrest, as an "excited utterance." She also argues that the court erred in disallowing Williamson's exculpatory statements made during his confession because of a lack of corroborating circumstances of trustworthiness.

Hawaii Rule of Evidence (HRE) 803(b)(2) provides:

**Hearsay exceptions; availability of declarant immaterial.**
The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

(2) Excited utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

The court rejected Appellant's argument that Williamson's statement made at the time of his arrest was an excited utterance. Rather, the court ruled that the statement was one against penal interest pursuant to HRE Rule 804(b)(3) which provides in pertinent part:

(b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

. . . .

(3) Statement against interest. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to

civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable man in the declarant's position would not have made the statement unless the declarant believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

The trial court made a preliminary finding that Robert Williamson was unavailable within the meaning of Rule 804 since he was then incarcerated in the state of Georgia. This finding is not disputed by the parties.

We cannot say that the trial court erred in characterizing Williamson's statement, "I'm busted, I'm busted. I just came with the other guy" as a "statement against interest" under Rule 804(b)(3). We have recognized that an out-of-court declaration may be admitted as a statement against interest "if the 'fact [asserted is] so palpably against the declarant's interest that he must have realized it to be so when he made the statement.'" *Shea v. City & County*, 67 Haw. 499, 509, 629 P.2d 1158, 1166 (1985). The statement in question was contrary to the declarant's penal interest in tending to subject Williamson to criminal liability for the burglary and "a reasonable man in his position would not have made the statement unless he believed it to be true." HRE 804(b)(3).

Nor do we find error in the court's determination that both this statement and Williamson's later statement to the police that he did not know the Appellant and she was not involved in the burglary were inadmissible because of a lack of "corroborating circumstances clearly indicating the trustworthiness of the statements" as required by Rule 804(b)(3).

Appellant contends that the second statement was corroborated by the fact that Williamson voluntarily gave up his right to counsel and confessed to the burglary. We disagree and conclude that insufficient corroborating circumstances existed to permit introduction of the statements.

Recently we recognized that, even when a hearsay declarant is unavailable, "his statement is admissible only if it bears adequate 'indicia of reliability.' Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness." *In re John Doe*, 70 Haw. 32, 761 P.2d 299, 303 (1988). In the case of statements against penal interest, Rule 804(b)(3) explicitly requires corroboration. The second sentence of the

Rule provides: "A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement."

Thus, before an exculpatory statement is admitted into evidence, the judge must make a preliminary finding that sufficient corroboratory evidence has been offered. *See* 4 *Weinstein's Evidence* § 804(b)(3)[03] (1987). The language of the second sentence of Rule 804(b)(3) demonstrates the obvious suspicion with which the drafters of the Rule regarded a statement exposing "the declarant to criminal liability" but exculpating the accused. *United States v. Salvador*, 820 F.2d 558, 561 (2d Cir. 1987). Moreover, the commentary to HRE Rule 804(b)(3) points out that "[t]here is good reason" for the corroboration requirement—"a distrust of evidence of confessions by third persons offered to exculpate the accused arising from suspicions of fabrication either of the fact of the making of the confession or in its contents[.]"

Rule 804(b)(3) is not clear, however, on what type and how much corroboration is required for a defendant to meet his burden under the Rule. Courts have looked to both the reliability of the declarant when the statement was made, as well as corroboration of the truth of the declarant's statement, focusing on whether the evidence in the record supported or contradicted the statement, or both. *United States v. Salvador, supra*, at 561.

In this case, the circumstances did not clearly corroborate either Williamson's trustworthiness or the truth of his statements. Williamson was not clearly trustworthy since the record indicates he may have known the Appellant and therefore had a motive to lie for her. As to the truth of Williamson's statements, the trial judge noted that the statements were in direct opposition to other evidence in the record, tending to show that Appellant participated in the burglary as an accomplice by serving as a lookout and receiving the stolen goods as they were passed through the window of the concession stand. The record reveals no independent evidence to corroborate Williamson's claim that Appellant did not participate in the robbery.

In light of the record, it was not error for the trial court to exclude co–defendant Williamson's hearsay statements because of the lack of corroborating circumstances of trustworthiness.

## IV.

Finally, Appellant argues that there was insufficient evidence to support her conviction because the State presented no evidence that she either knew the two co–defendants or that she aided in the planning or the commission of the burglary.

We find no merit in Appellant's argument. Accordingly, the Appellant's conviction is affirmed.

*Clayton C. Ikei* for Defendant–Appellant.

*G. Cher Foerster*, Deputy Prosecuting Attorney, for Plaintiff–Appellee.