STATE OF HAWAII, Plaintiff-Appellee, *v.* WAYDE KUMULANI
WHITE, also known as Dukey White, Defendant-Appellant, and
FLOYD BUNKER, LAWRENCE NEAL KAHALEHOU
PRESLAR, and SIU TALO, also known as Siupapa Aipenui
Talo, Defendants

NO. 8269

(CRIMINAL NO. 52312)

SEPTEMBER 27, 1982

RICHARDSON, C.J., LUM, NAKAMURA,
PADGETT AND HAYASHI, JJ.

*Per Curiam.* This is an appeal from a judgment finding the
appellant guilty of manslaughter and robbery in the second degree.
The judgment was pursuant to a jury verdict.

Basically, appellant makes two contentions. The first being that
the receipt into evidence of the testimony of the witness Edwin Perry
given at a prior trial was a violation of appellant's Sixth Amendment
right of confrontation since the State allegedly failed to make a good
faith effort to locate the witness for appellant's retrial. The second
was that there was prosecutorial misconduct in stating to the jury
that Francis Talo, Lawrence Preslar and Siupapa Talo had been
subpoenaed and were present in the courthouse, and in subse-

quently calling Francis Talo to the stand despite knowledge that Talo would invoke the Fifth Amendment.

We find neither contention to be meritorious and accordingly, affirm.

On or about October 23, 1978, a Mainland visitor by the name of Michael Aumiller was robbed and killed at Ala Moana Park after a drinking bout with appellant and others, of whom Edwin Perry was one. As a result of that incident, appellant was tried and convicted of robbery in the first degree and manslaughter. At that trial, Perry had testified as a witness for the prosecution. That conviction was overturned by the Intermediate Court of Appeals because of the failure to hold a hearing out of the presence of the jury on the subject of the voluntariness of appellant's confession. Subsequently, a hearing on appellant's motion to suppress his statements was had in the circuit court and denied. No appeal from that order is taken. On retrial, the State was unable to produce the witness Perry and the court admitted his testimony at the prior trial.

Toward the end of the trial, the prosecution announced it had subpoenaed Francis Talo, Lawrence Preslar and Suipapa Talo but that they had requested to talk to appellant's counsel before being called. A recess was taken and appellant's counsel reported that the three witnesses refused to testify and would invoke their right against self-incrimination.

The prosecutor was asked to make an offer of proof and he pointed out that Preslar and Suipapa Talo had previously been convicted in connection with the incident in question but that Francis Talo had never been charged, had testified in a previous trial in May of 1979 without invoking his Fifth Amendment privilege and had given a stenographic statement to the police in October of 1978 and that neither his testimony nor his previous statement indicated anything of an incriminating nature.

At the request of appellant's counsel, an of-the-record conference was held at the bench after which appellant's counsel stated that the prosecutor did not intend to call Suipapa Talo or Preslar. Appellant's counsel then moved for a mistrial on the ground that the State had called the witnesses without interviewing them. After a long colloquy between court and counsel, Francis Talo was called and invoked the Fifth Amendment with respect to whether he knew a person named Wayde White, apparently, the appellant. The jury was

then excused, Talo took the Fifth Amendment with respect to every other question asked him. The motion for mistrial was renewed and was denied.

Appellant's Sixth-Amendment contention is utterly without merit. As the Supreme Court of the United States said in *Ohio v. Roberts*, 448 U.S. 56, 74, 100 S. Ct. 2531, 2543, 65 L.Ed.2d 597, 613 (1980):

> The basic litmus of Sixth Amendment unavailability is established: "[A] witness is not 'unavailable' for purposes of . . . the exception to the confrontation requirement unless the prosecutorial authorities have made a *good-faith effort* to obtain his presence at trial." . . .

The record in this case clearly establishes such an effort. The police detective who had secured witness Edwin Perry's appearance at appellant's first trial was reassigned to locate him for appellant's retrial. Perry had no known job, address, or telephone number. The detective contacted Perry's mother and had other officers check various locations of Hawaii — Waikiki, Waimanalo, and the Island of Lanai — where Perry was thought to have once resided. None of these investigations turned up any leads.

The efforts of the State in this case compare favorably to those in *Roberts*, where the prosecutor had merely issued subpoenas to the missing witness' last known address and made no attempt to pursue several relatively promising leads. *Id.* at 80-82 (Brennan, J., dissenting). Yet the Supreme Court held that such efforts were sufficient to establish the witness' unavailability. *Id.* at 77. Without passing judgment on the sufficiency of the prosecutor's efforts in *Roberts*, we hold here that the State made a good faith attempt to secure the presence of the witness Edwin Perry. We thus agree with the trial court that the admission of Perry's prior testimony at appellant's retrial did not deprive appellant of his constitutional right of confrontation.

Also without merit is appellant's misconduct contention. Nothing we know of requires a party to interview a witness before calling that witness to the stand. With respect to the invocation of the Fifth Amendment privilege by Preslar and Suipapa Talo, we see nothing prejudicial in the statement made by the prosecutor as to the fact that they had been subpoenaed and had asked to consult with appellant's counsel. Moreover, they were subsequently withdrawn as witnesses. We add that, given their previous convictions of crimes in

connection with the incident in question, we see nothing in the record which would have justified their claiming a Fifth Amendment privilege had they been called to the stand.

As to Talo, the court below had an opportunity to review his previous testimony and his previous statement, neither of which, in any way, incriminated him and accordingly, the State was perfectly justified in calling him to the stand even though appellant's counsel had stated that he would invoke the Fifth Amendment if called. There was no error in the denial of the mistrial.

Affirmed.

*Mal Gillin* on the brief for appellant.

*Shirley Smith,* Deputy Prosecuting Attorney, on the brief for appellee.