STATE OF HAWAII, Plaintiff-Appellee, *v.* LAWRENCE M. RODRIGUES, Defendant-Appellant, and LEIE J. FILO, Defendant

NO. 11622

(CRIMINAL NO. 85-0750)

SEPTEMBER 10, 1987

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

Defendant Lawrence M. Rodrigues (Rodrigues) appeals his conviction of Robbery in the First Degree in violation of Hawaii Revised Statutes § 708-840(1)(b)(i) (1985).[1] The dispositive issue on

---

[1] Hawaii Revised Statutes (HRS) § 708-840(1) (b) (i) (1985) provides:

(1) A person commits the offense of robbery in the first degree if, in the course of committing theft:

\* \* \*

(b) He is armed with a dangerous instrument and:
(i) He uses force against the person of anyone present with intent to overcome that person's physical resistance or physical power of resistance[.]

HRS § 708-840(2) (1985) states:

(2) As used in this section, "dangerous instrument" means any firearm, or other weapon, device, instrument, material, or substance, whether animate or inanimate, which in the manner it is used or threatened to be used is capable of producing death or serious bodily injury.

appeal is whether the trial court's admission of hearsay testimony violated Rodrigues' constitutional right to be confronted with the witnesses against him. We hold that it did. We therefore vacate the judgment of conviction and remand for retrial.

I.

The State's evidence presented at the jury trial shows that before daybreak on May 17, 1985, two witnesses, Randy Bowles (Bowles) and Keene McMahone (McMahone), saw two males standing over a man, later identified as Robert S. Morrow (Morrow), on the ground in the Hawaiian Colony Hotel's (Hotel) parking lot. McMahone observed one of the males striking Morrow with a rock in his hands. Bowles testified that she saw Morrow bleeding and one of the males with a rock in his hand. Upon the arrival of the police officers, Bowles informed them that the two males had gone into room 111 of the Hotel.

While police officer Herbert Schreiner (Officer Schreiner) and another police officer were questioning the two males, later identified as Rodrigues and codefendant Leie J. Filo (Filo) (collectively Defendants), in room 111, police officer Gary Lahens (Officer Lahens) and Bowles were escorting the bleeding Morrow to room 122. Enroute to room 122, they saw the police officers and Defendants in room 111 through the open door.

Officer Schreiner testified that Morrow ran to the doorway of room 111 and yelled, "That's the one [Filo] who hit me and that's the one [Rodrigues] who took my wallet." Oct. 21, 1985 Transcript at 98. The trial court admitted the hearsay testimony over Defendants' objection.[2] Bowles and Officer Lahens similarly testified about what Morrow yelled out at the doorway of room 111.

Morrow did not appear at trial and never testified. The jury found Defendants guilty and this appeal followed.[3]

---

[2] In the disposition of this appeal, we will assume that the hearsay testimony was admissible. We need not, and do not, decide whether the testimony was admissible as an exception to the hearsay rule.

[3] Codefendant Leie J. Filo's appeal was docketed separately as No. 11618.

## II.

Rodrigues contends that the State's failure to produce Morrow at the trial violated his "fundamental right to be confronted with the witnesses against him" in violation of the constitutions of the United States and Hawaii. He asserts that such violation constituted reversible error.[4] Based on the facts disclosed in the record, we hold that Rodrigues' constitutional right under the Confrontation Clause was violated.

### A.

The Confrontation Clause of the Sixth Amendment to the United States Constitution guarantees the right of an accused in a criminal prosecution "to be confronted with the witnesses against him" and is applicable to the states through the Fourteenth Amendment. *Pointer v. Texas,* 380 U.S. 400, 85 S. Ct. 1065, 13 L. Ed. 2d 923 (1965). The Confrontation Clause of the state constitution is substantially identical. Haw. Const. art. I, § 14. The United States Supreme Court has said that "[t]here are few subjects, perhaps, upon which this Court and other courts have been more nearly unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." *Pointer,* 380 U.S. at 405, 85 S. Ct. at 1068, 13 L. Ed. 2d at 927. *Accord State v. Adrian,* 51 Haw. 125, 131, 453 P.2d 221, 225 (1969). In its opinions, the Court "has emphasized that the Confrontation Clause reflects a preference for face-to-face confrontation at trial and that 'a primary interest secured by [the provision] is the right of cross-examination.' " *Ohio v. Roberts,* 448 U.S.

---

[4] Rodrigues also contends that the State's failure to produce Robert S. Morrow at the preliminary hearing constituted reversible error. We do not agree because (1) a preliminary hearing "is a proceeding to determine probable cause" and "is not a trial[,]" *Toledo v. Lam,* 67 Haw. 20, 21, 675 P.2d 773, 775 (1984), and the constitutional confrontation right "is basically a trial right[,]" *Barber v. Page,* 390 U.S. 719, 725, 88 S. Ct. 1318, 1322, 20 L. Ed. 2d 255, 260 (1968), and (2) Rule 5(c)(6), Hawaii Rules of Penal Procedure (1983), provides that "probable cause may be based in whole or in part upon hearsay evidence when direct testimony is unavailable or when it is demonstrably inconvenient to summon witnesses able to testify to facts from personal knowledge."

56, 63, 100 S. Ct. 2531, 2537, 65 L. Ed. 2d 597, 606 (1980) (quoting *Douglas v. Alabama,* 380 U.S. 415, 418, 85 S. Ct. 1074, 1076, 13 L. Ed. 2d 934, 937 (1965) ) (footnote omitted). *Accord State v. Narvaez,* 68 Haw. ____, ____, 722 P.2d 1036, 1039 (1986). The right of confrontation affords both an opportunity for the accused to challenge the credibility and veracity of the prosecution's witnesses and an occasion for the jury to weigh the demeanor of those witnesses.

While it has repeatedly recognized the importance of the confrontation right, the Supreme Court has nonetheless held that a declarant's hearsay may sometimes be admitted at trial even though the declarant is unavailable for cross-examination. The Court has concluded that "certain hearsay exceptions rest upon such solid foundations that admission of virtually any evidence within them comports with the 'substance of the constitutional protection.' " *Roberts,* 448 U.S. at 66, 100 S. Ct. at 2539, 65 L. Ed. 2d at 608 (quoting *Mattox v. United States,* 156 U.S. 237, 244, 15 S. Ct. 337, 340, 39 L. Ed. 409, 411 (1895) ) (footnote omitted). Although the Court has declined to "map out a theory of the Confrontation Clause that would determine the validity of all . . . hearsay 'exceptions[,]' " *California v. Green,* 399 U.S. 149, 162, 90 S. Ct. 1930, 1937, 26 L. Ed. 2d 489, 499 (1970), it offered a general approach in *Roberts.*

In *Roberts,* the Court held that the Confrontation Clause restricts the range of admissible hearsay in two ways. *First,* "[i]n conformance with the Framers' preference for face-to-face accusation, the Sixth Amendment establishes a rule of necessity. In the usual case . . . , the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant." *Roberts,* 448 U.S. at 65, 100 S. Ct. at 2538, 65 L. Ed. 2d at 607 (citations omitted). *Second,* "[r]eflecting its underlying purpose to augment accuracy in the factfinding process by ensuring the defendant an effective means to test adverse evidence, the Clause countenances only hearsay marked with such trustworthiness that 'there is no material departure from the reason of the general rule.' " *Id.* at 65, 100 S. Ct. at 2539, 65 L. Ed. 2d at 607 (quoting *Snyder v. Massachusetts,* 291 U.S. 97, 107, 54 S. Ct. 330, 333, 78 L. Ed. 674, 679 (1934) ). This latter requirement, in turn, may be satisfied if the hearsay statement is marked by adequate "indicia of reliability." *Dutton v. Evans,* 400 U.S. 74, 89, 91 S. Ct.

210, 220, 27 L. Ed. 2d 213, 227 (1970). Moreover, since "[t]he right to confrontation is basically a trial right[,]" *Barber v. Page,* 390 U.S. 719, 725, 88 S. Ct. 1318, 1322, 20 L. Ed. 2d 255, 260 (1968), these two requirements must be satisfied at the time of the trial itself.

### B.

We are cognizant of the recent case of *United States v. Inadi,* 475 U.S. 387, 106 S. Ct. 1121, 89 L. Ed. 2d 390 (1986), which held that the Confrontation Clause does not require a showing of unavailability before the trial court may admit the hearsay of a non-testifying co-conspirator.[5]

The *Inadi* majority opinion states that "*Roberts* must be read consistently with the question it answered, the authority it cited, and its own facts." *Id.* at ____, 106 S. Ct. at 1126, 89 L. Ed. 2d at 398. Consequently, it suggests that the *Roberts* standards apply only in situations "when the prosecution seeks to admit testimony from a prior judicial proceeding in place of live testimony at trial." *Id.* at ____, 106 S. Ct. at 1125, 89 L. Ed. 2d at 397.

In explaining why the unavailability rule applies to cases involving a declarant's former testimony but not a co-conspirator's hearsay, the Court distinguished the two types of statements.

[F]ormer testimony often is only a weaker substitute for live testimony. It seldom has independent evidentiary significance of its own, but is intended to replace live testimony. . . . When two versions of the same evidence are available, longstanding principles of the law of hearsay, applicable as well to Confrontation Clause analysis, favor the better evidence. . . . But if the declarant is unavailable, . . . the former testimony may be admitted as a substitute for live testimony on the same point.

\* \* \*

---

[5] In *Bourjaily v. United States,* ____ U.S. ____, 107 S. Ct. 2775, 97 L. Ed. 2d 144 (1987), the Supreme Court held, *inter alia,* that when the hearsay statement is the out-of-court declaration of a co-conspirator, "the second [*Roberts*] inquiry, independent indicia of reliability, is also not mandated by the Constitution." *Id.* at ____, 107 S. Ct. at 2782, 97 L. Ed. 2d at 157.

> Those same principles do not apply to co-conspirator statements. . . . Conspirators are likely to speak differently when talking to each other in furtherance of their illegal aims than when testifying on the witness stand. Even when the declarant takes the stand, his in-court testimony seldom will reproduce a significant portion of the evidentiary value of his statements during the course of the conspiracy.

*Id.* at ____, 106 S. Ct. at 1126, 89 L. Ed. 2d at 398. Applying this distinction to the instant case, we find that Morrow's out-of-court identifications are "more like the prior judicial testimony at issue in *Roberts* than like the contemporaneous co-conspirator statements involved in *Inadi,* and thus that both *Roberts* requirements had to be satisfied." *Lee v. Illinois,* 476 U.S. 530, ____ n.2, 106 S. Ct. 2056, 2067 n.2, 90 L. Ed. 2d 514, 531 n.2 (1986) (Blackmun, J., dissenting). The hearsay testimony at issue in this case was intended to replace Morrow's live testimony and had no independent evidentiary significance since the State's witnesses merely related what they heard Morrow yell. Clearly, Morrow's live testimony is the better evidence if Morrow is available.

We therefore conclude that the law of *Roberts,* rather than *Inadi,* applies in this case.

### C.

Applying the *Roberts* standards, we conclude that the State failed to meet the first requirement — demonstrating the unavailability of Morrow at trial.

In meeting the first requirement, the State must show that it "made a good faith attempt to secure the presence of the witness [the hearsay declarant][.]" *State v. White,* 65 Haw. 286, 288, 651 P.2d 470, 472 (1982). *Accord Barber v. Page,* 390 U.S. at 724-25, 88 S. Ct. at 1322, 20 L. Ed. 2d at 260. To establish this good faith attempt, the State must affirm on the record at the time of trial both the declarant's unavailability and the nature and extent of the State's effort to obtain the declarant's presence at trial. *See State v. White,* 65 Haw. at 288, 651 P.2d at 472; *Government of the Canal Zone v. P. (Pinto),* 590 F.2d 1344, 1352 (5th Cir. 1979) (deposition statements of assault victims were improperly admitted at trial when the only showing of unavailability was the prosecution's statement to

the court two months before trial). *See also United States v. Fielding,* 630 F.2d 1357, 1368 (9th Cir. 1980) (Confrontation Clause requires the prosecution to produce declarant at trial or demonstrate unavailability on the record); *McClain v. State,* 411 So. 2d 316, 317 (Fla. Dist. Ct. App. 1982) (proponent of former testimony must establish what steps it took to secure presence of the witness); *State v. Martinez,* 99 N.M. 48, 52, 653 P.2d 879, 883 (N.M. Ct. App.), *cert. denied,* 99 N.M. 47, 653 P.2d 878 (1982) (burden is upon the state to establish unavailability; absence of witness from jurisdiction is insufficient grounds for dispensing with defendant's confrontation right).

In *White,* the supreme court stated only that "the record" established the State's good faith attempt to obtain the declarant's presence at trial. *White,* 65 Haw. at 288, 651 P.2d at 472. An examination of the parties' briefs in that case, however, reveals that the State established through direct-examination at trial both the declarant's unavailability and the State's efforts to have the declarant present at trial.

The State did not make such a showing in the instant case. The record discloses that on October 8, 1985, the State prepared an affidavit (in support of a Motion for Continuance of Trial which was filed on October 9, 1985) cataloging its efforts to locate Morrow. In the affidavit and at the motion hearing held on October 17, 1985, the State affirmed that it had not yet located Morrow but that its efforts were continuing. Moreover, the State asserted that it would proceed to trial with or without Morrow. At the hearing the State made a showing of Morrow's unavailability, based on the facts stated in the October 8 affidavit. At trial,[6] however, the State failed to make any showing of either Morrow's unavailability or its efforts to secure his presence. Thus, the State's showing was in the wrong place at the wrong time.

The State's declared intent to continue trying to find Morrow even after the motion hearing, and its intent to proceed with trial whether or not Morrow was located, accentuated the need for a reaffirmation on the record at trial of the State's efforts and its success or failure to locate the declarant. Since these assurances of

---

[6] The trial commenced on Friday, October 18, 1985, when the jury was selected. The opening statements of the parties were made on Monday, October 21, 1985.

Morrow's unavailability at trial are absent from the trial record, we hold that the State failed to demonstrate adequately Morrow's unavailability at trial in violation of Rodrigues' right to confrontation.

## III.

A constitutional error by the trial court does not require a reversal if it is "unimportant and insignificant in the total setting of a particular case[,]" and therefore harmless beyond a reasonable doubt. *State v. Corpuz,* 3 Haw. App. 206, 211-12, 646 P. 2d 976, 980 (1982) (citing *Chapman v. California,* 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967) ). *Accord State v. Pokini,* 57 Haw. 26, 29-30, 548 P.2d 1402, 1407 (1976). The gauge is " 'whether there is a *reasonable possibility* that the evidence complained of *might have contributed* to the conviction.' " *State v. Przeradski,* 5 Haw. App. 29, 35, 677 P.2d 471, 476 (1984) (quoting *Fahy v. Connecticut,* 375 U.S. 85, 86-87, 84 S. Ct. 229, 230, 11 L. Ed. 2d 171, 173 (1963) ) (emphasis supplied in *Przeradski*). The burden of proof is upon the State and a constitutional violation is presumed prejudicial, although that presumption may be rebutted. *Id.* at 36, 677 P.2d at 477.

We conclude that the State failed to rebut the presumption and the trial court's error was not harmless beyond a reasonable doubt. While the State did not expressly address the harmless error question in its brief, it did argue that Rodrigues' opportunity to cross-examine Officer Schreiner, Bowles, and Officer Lahens as to the hearsay rendered Morrow's absence from trial immaterial. We reject that argument. The confrontation right includes the opportunity to cross-examine the declarant himself, not any witness who might relate the declarant's statements. *Adrian,* 51 Haw. at 132, 453 P.2d at 226. Since, as the State itself acknowledges, "[t]here is no question that Morrow's declaration [sic] are an essential part of the case against the Defendant[,]" Answering Brief at 20, and since the declarations were admitted in violation of the state and federal constitutions, we must vacate the trial court's judgment and remand for retrial.

Judgment vacated and case remanded for retrial.

*Pamela J. Berman* for defendant-appellant.

*Myles Breiner,* Deputy Prosecuting Attorney (*Arthur E. Ross,* Deputy Prosecuting Attorney, with him on the brief), for plaintiff-appellee.