**STATE OF HAWAII**, Plaintiff–Appellee, v. **STANFORD BRIAN BEYER**, Defendant–Appellant

NO. 15208

(FC–CR. NO. 91–1015)

DECEMBER 20, 1991

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, AND MOON, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a conviction for abuse of a family or household member under HRS § 709–906.

On the morning the case was called for trial, it appeared that the complaining witness was not present although, according to the prosecutor's statement, she had been served with a subpoena by the State. The State moved for the issuance of a bench warrant and the defense moved for a dismissal without prejudice. The court denied the bench warrant and granted a dismissal without prejudice but then, when the State said it was willing to proceed without the complaining witness, the court set aside the dismissal.

The only witness to testify was the investigating police officer. He stated that he arrived on the scene pursuant to a call, and found the appellant out in the yard in front of the dwelling, screaming and yelling at the complaining witness. A number of articles of clothing and personal property were in the yard. The appellant was loud and raucous, and the police told him to calm down. They then approached the woman on the porch, the complaining witness, and she ran into the dwelling. They knocked on the door, went into the dwelling, and found her sitting on the bed. She came out into the living room and smoked two cigarettes. At first, she was extremely nervous and upset and would not answer the police officer's questions but, after 10 or 15 minutes and smoking the two cigarettes, she calmed down and stated that she and the appellant had been living together for about four months, that he had not paid his share of the rent, that he had disappeared for several days and so she threw his belongings out in the yard, and that

later, while she was sleeping, the appellant came in and struck her in the face.

The first issue raised on this appeal is whether the officer's statements as to what the complaining witness told him should have been excluded under the hearsay rule.

The State argues, and the judge below ruled, that the evidence was admissible as an excited utterance. HRE 803(b)(2) provides:

> Excited utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

The Commentary to this rule states:

> These rules governing the receipt of present sense impressions and excited utterances are identical with Fed. R. Evid. 803(1) and (2). Hawaii courts have admitted excited utterances under the broad aegis of res gestae, see Territory v. Kinoshita, 38 H. 335 (1949). "A declaration to be part of the res gestae need not be strictly contemporaneous with the transaction or event to which it relates; it is enough that it was a spontaneous utterance engendered by the excitement of the main event made immediately after and under the influence of the occurrence and so connected with it as to characterize or explain it." Anduha v. County of Maui, 30 H. 44, 51 (1920). Note, however, that exception (2) requires only that the statement relate to the event, while exception (1) is limited to statements that describe or explain the event.
>
> Both exceptions rely on spontaneity to assure the trustworthiness of the statements. The requirement of contemporaneousness for present sense impressions further assures reliability by precluding errors caused by memory defects. Excited utterances, which need not be strictly contemporaneous, are considered trustworthy because made "under the stress of excitement." As a final

safeguard, a statement admitted under either exception will usually have been made to someone present at the event, who would therefore have been in good position to challenge inaccuracies in describing or recounting the event. See McCormick § 298.

In A. BOWMAN, HAWAII RULES OF EVIDENCE MANUAL § 803–2B(2), at 341 (The Michie Co. 1990), the author states, with respect to the excited utterance exception to the hearsay rule:

> Foundation requirements, according to the court in [*In the Interest of John Doe*, 70 Haw. 32, 38, 761 P.2d 299, 303 (1988)], are (1) that the statement be "reasonably contemporaneous" with the event, (2) that the statement "have been proximately caused" by the excitement generated by the event; and (3) that the statement have been made "without opportunity for deliberation or [other] influence." The court added: "Essentially, the time span between the event and the declaration must be short." [Citation omitted.]

The author goes on to cite:

> *Shea v. City & County of Honolulu*, 67 Haw. 499, 506–07, 692 P.2d 1158, 1164 (1985) . . . , where admission below caused reversal. The interval between event and utterance in *Shea* was only ten minutes, yet the court said it "could not be said to have been very short." . . .

In this case, the first test of being reasonably contemporaneous was not met. The time when the abusive incident occurred was not established, and the responses to police interrogation occurred after a substantial period of time had expired after the officer arrived at the scene. Nor was the second test met. The statement was not proximately caused by the excitement generated from the event, but as a result of questioning by the police after they had calmed the person down. The third test was also not met because

the statements were not made without opportunity for deliberation or other influence.

Thus, the court below erred in ruling that the complaining witness' statements made to the officer, in the circumstances of this case, qualified as an excited utterance exception to the hearsay rule.

The court below should have granted the State's request to issue a bench warrant for the complaining witness. By denying the bench warrant and denying a dismissal without prejudice, upon the State's expressed willingness to proceed without the complaining witness, the court violated appellant's right to confrontation under article I, section 14 of the Constitution of the State of Hawaii. The Constitution of the State of Hawaii applies as fully to family abuse as to any other criminal charge.

Unfortunately family abuse cases frequently produce a situation where the complaining witness is extremely reluctant to testify, with the result that mere service of a subpoena upon the complaining witness will many times not result in the witness' appearance at trial, and bench warrants may be necessary if the complaining witness is to be brought before the court at the time of trial.

While it is true that mere absence of the complaining witness, where there have been vigorous and appropriate steps to procure the complaining witness' presence at trial, does not necessarily constitute a violation of the right of confrontation if the out–of–court statements of the complaining witness have been made in such circumstances as to be so reliable that cross–examination does not appear necessary or there has been an opportunity for cross–examination, *State v. Rodrigues*, 7 Haw. App. 80, 742 P.2d 986 (1987), that is not the case here. Mere service of a subpoena on the complaining witness did not establish her unavailability, and the statements adduced through the police officer were neither admissible as an exception to the hearsay rule, nor sufficiently trustworthy as to eliminate the need for cross–examination. Thus,

appellant's right, under our Constitution, to confront the principal witness against him, was violated. Accordingly, the judgment below is reversed.

*Theodore Y.H. Chinn*, Deputy Public Defender, and *Renee N. Costa*, intern, on the briefs for appellant.

*Charlotte J. Duarte*, Deputy Prosecuting Attorney, on the brief for appellee.