**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000931
14-JUN-2021
07:57 AM
Dkt. 59 SO**

NO. CAAP-18-0000931

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
BRUCE KAAIKALA, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
EWA DIVISION
(CASE NO. 1DTA-17-02251)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Hiraoka and Nakasone, JJ.)

Defendant-Appellant Bruce K. Kaaikala, Jr. (**Kaaikala**) appeals from the following judgments entered in the District Court of the First Circuit, Ewa Division (**District Court**):[1]  (1) the May 1, 2018 Second Amended Notice of Entry of Judgment and/or Order and Plea/Judgment convicting him of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), as a second offense within ten years, in violation of Hawaiʻi Revised Statutes (**HRS**) § 291E-61(a)(1), (b)(2) (Supp. 2018);[2] (2) the May 1, 2018 Notice of Entry of Judgment and/or Order and Plea/Judgment convicting him of Operating a Vehicle After License and Privilege Have Been

---

[1]  The Honorable Sherri-Ann L. Iha presided.

[2]  HRS § 291E-61(a) provides, in relevant part:

> (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
> (1)  While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty[.]

Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant (**OVLSR**), in violation of HRS § 291E-62(a)(1) and/or (a)(2), (c)(1) (Supp 2019);[3] and (3) the November 7, 2018 Notice of Entry of Judgment and/or Order and Plea/Judgment ordering no restitution as to the OVUII conviction.

Kaaikala raises three points of error: (1) the OVUII conviction should be reversed due to insufficient evidence, (2) the OVLSR conviction should be vacated because the District Court erroneously admitted two exhibits, and (3) alternatively, the OVLSR conviction should be reversed based on insufficiency of the evidence because Plaintiff-Appellee State of Hawaiʻi (**State**) failed to prove Kaaikala had notice that his license remained revoked or restricted when he drove.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm.

(1) The appellate court reviews a sufficiency of the evidence challenge as follows:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction[.] . . .  The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. . . .  "Substantial evidence" . . . is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007).

We note the District Court's finding that the State's witnesses, Adam Amick (**Amick**) and Officer Kaimiike Anthony Aguiar

---

[3]  HRS § 291E-62(a)(1),(2) provides, in relevant part:

> (a) No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to this section or to Part III or section 291E-61 . . . , shall operate or assume actual physical control of any vehicle:
> (1)   In violation of any restrictions placed on the person's license; [or]
> (2)   While the person's license or privilege to operate a vehicle remains suspended or revoked[.]

(**Officer Aguiar**), testified credibly.  See State v. Gella, 92 Hawaiʻi 135, 142, 988 P.2d 200, 207 (1999) ("It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trial judge.") (citation omitted).

Amick testified that on the morning of May 27, 2017, he was driving and about to enter the H-1 on-ramp when he saw a car coming down an off-ramp going faster than expected.  Amick stopped short of the on-ramp in case the other car did not stop.  He then saw the other car drive "straight through [an] intersection and up onto [a] median and struck" an electrical box.  Amick stopped his vehicle, got out, and approached the other vehicle until he was about twenty-five to fifty feet away, at which point the driver of the other vehicle had exited from the driver's side of the other vehicle and looked at Amick.  Amick asked the other driver if he was alright, but the other driver did not respond and got back into his vehicle.  Amick identified Kaaikala as the driver of the other vehicle.  Amick testified that Kaaikala attempted to move his vehicle, but then hit a different electrical box.  After Amick continued to ask if Kaaikala was okay and got no response, Kaaikala grabbed a bag from his vehicle and walked away.  Kaaikala returned to the accident scene about twenty to thirty minutes later on foot, followed by a white truck, and at that time he spoke to Amick from a few feet away and Amick smelled alcohol coming from Kaaikala.

Officer Aguiar testified that, when he arrived at the scene, Kaaikala looked confused and took several minutes to produce his documents, and during the exchange, Kaaikala had "a strong odor of an alcoholic beverage emitting from his breath," "[h]is eyes were red, bloodshot, and glassy," and he slurred his speech.  When Officer Aguiar administered the field sobriety test (**FST**), Kaaikala's eyes had nystagmus and a "lack of smooth pursuit."  While performing the walk-and-turn test: during the instructional phase, Kaaikala started too soon and lost his balance; on the first nine steps, he stopped walking at one

point, missed heel to toe, and took only eight of nine steps; during the turn, he lost his balance and stumbled backwards; and on the last nine steps, he missed heel to toe. Finally, during the one-leg-stand part of the FST, Kaaikala swayed from side to side by more than two inches to each side and put his foot down once.

In light of the above testimony, and viewed in the light most favorable to the prosecution, there is substantial evidence in the record that Kaaikala drove while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty.

(2) Kaaikala argues that his conviction for OVLSR should be vacated because the District Court improperly admitted State's exhibit 4, a "traffic abstract" (**Abstract**), showing he was convicted of a prior OVUII offense and referencing license revocation information, and State's exhibit 6, a "Notice of Administrative Hearing Decision" from the Administrative Driver's License Revocation Office (**ADLRO Notice**), dated February 15, 2017, indicating his driver's license was revoked from September 28, 2016, to March 27, 2018 (which includes the date of the incident in this case).

With regard to the Abstract, Kaaikala argues that the certification of the Abstract fails to meet the requirements of Hawaii Rules of Evidence (**HRE**) Rule 902 as it "does not include an attestation that the district court clerk was acting as the custodian authorized to certify the document and that the document was a full, true, and correct copy of the traffic abstract." Kaaikala further argues the Abstract was improperly admitted because it violated his confrontation rights. We need not address Kaaikala's arguments related to the Abstract for two reasons. First, Kaaikala did not object at trial to admission of the Abstract based on the certification contained on that document, and thus this argument is deemed waived. See State v. Miyazaki, 64 Haw. 611, 616, 645 P.2d 1340, 1344 (1982). Second, the Abstract is cumulative with regard to the OVLSR charge, as

the ALDRO Notice by itself sufficiently shows that Kaaikala's license was administratively revoked when he drove. See HRS § 291E-62(a) (prohibiting from driving any "person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted" pursuant to, *inter alia*, an ADLRO administrative proceeding).

With regard to the ADLRO Notice, Kaaikala asserts this document was improperly admitted over his objection based on his confrontation rights. It appears the State introduced the ADLRO Notice as a self-authenticating, certified public record under HRE Rule 902. Kaaikala argues the District Court violated his right to confront witnesses under the Sixth Amendment to the U.S. Constitution and article 1, section 14 of the Hawaiʻi Constitution by not requiring the custodian who certified the ADLRO Notice to personally appear at trial and testify.[4]

To determine whether the source of a document introduced at trial is subject to confrontation under the Sixth Amendment, the court must determine whether the document is "testimonial" in nature. State v. Fitzwater, 122 Hawaiʻi 354, 371, 227 P.3d 520, 537 (2010). A clerk's certificate of authentication for a business record is *not* testimonial in nature and therefore does not implicate the right of confrontation. State v. Cruz, 135 Hawaiʻi 294, 297, 349 P.3d 401, 404 (App. 2015) (citing Melendez-Diaz v. Massachusetts, 557 U.S. 305, 321-22 (2009)). Similarly, the certification of an ADLRO decision by its custodian of records does not implicate the Confrontation Clause. State v. Philling, No. CAAP-18-0000653, 2019 WL 6790773, at *5 (Haw. App. Dec. 12, 2019) (SDO) (holding that a defendant's right of confrontation was not implicated by admission of certified copies of ADLRO decisions offered to show the outcome of prior ADLRO proceedings); see also Fitzwater, 122 Hawaiʻi at 374, 227 P.3d at 540 (holding that a speed check card created in

---

[4] The State argues that Kaaikala waived his second point of error by failing to raise a confrontation objection at trial. "Normally, an issue not preserved at trial is deemed to be waived." State v. Miyazaki, 64 Haw. 611, 616, 645 P.2d 1340, 1344 (1982). However, it appears Kaaikala objected to both the Abstract and ADLRO Notice on confrontation grounds. Thus, we address his argument.

a non-adversarial setting in the regular course of maintaining a police vehicle, five months before the subject speeding incident, was not testimonial in nature and its admission did not violate the defendant's right to confrontation under the Sixth Amendment).  Here, the certification of the ADLRO Notice only authenticates that document, and the ADLRO Notice was created in the regular course of an unrelated prior ADLRO proceeding more than three months before the incident in this case.  Thus, the ADLRO Notice and the certification on that document are not testimonial in nature and do not implicate the Confrontation Clause under the Sixth Amendment.

With regard to his confrontation rights under the Hawaiʻi Constitution, Kaaikala cites State v. Fields, 115 Hawaiʻi 503, 528, 168 P.3d 955, 980 (2007), and urges this court to apply the test articulated in Ohio v. Roberts, 448 U.S. 56 (1980) (abrogated by Crawford v. Washington, 541 U.S. 36 (2004)), which he contends requires a showing that (1) the declarant is unavailable, and (2) the statement bears some indicia of reliability, and that the State failed to satisfy either element at trial.  However, this court rejected the same argument in State v. Choi, No. CAAP-16-0000765, 2020 WL 419629, at *2 (App. Jan. 27, 2020) (SDO), holding that the Roberts test applies *"only* when the challenged out-of-court statements were made in the course of a prior judicial proceeding" and that when hearsay qualifies for a "firmly rooted exception to the hearsay rule, the Confrontation Clause is satisfied."  (Citing State v. Ofa, 9 Haw. App. 130, 138, 828 P.2d 813, 818 (1992)) (emphasis added)); see also State v. Rodrigues, 7 Haw. App. 80, 85, 742 P.2d 986, 990 (1987) (holding that Roberts applies only "when the prosecution seeks to admit *testimony from a prior judicial proceeding* in place of live testimony at trial") (quoting United States v. Inadi, 475 U.S. 387, 393 (1986)) (emphasis added).

Like Choi, the ADLRO Notice and its certification are not testimony given in the course of a prior judicial proceeding, and exhibit 6 is admissible under the HRE Rule 803(b)(8) public records hearsay exception, which is a firmly rooted hearsay

exception.  <u>Ofa</u>, 9 Haw. App. at 138, 828 P.2d at 818.  Thus, we conclude the <u>Roberts</u> test does not apply with regard to the certification and the ADLRO Notice.  <u>Id.</u>

(3) Substantial evidence in the record supports Kaaikala's OVLSR conviction.  Kaaikala argues there was no evidence adduced at trial that the ADLRO Notice was sent to counsel's new address or that it was forwarded to him personally, and thus, there was insufficient evidence to establish the requisite state of mind for OVLSR.

"When the state of mind required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly."  HRS § 702-204 (2014).  HRS § 291E-62 does not specify a state of mind, therefore, the State must prove Kaaikala acted intentionally, knowingly, or recklessly, with respect to operating or assuming actual physical control of a vehicle while his license was suspended, revoked, or otherwise restricted.  See <u>State v. Nesmith</u>, 127 Hawaiʻi 48, 53-54, 276 P.3d 617, 622-23 (2012) (holding that HRS § 702-204 applies to HRS § 291E-61).  "A person acts recklessly with respect to his conduct when he consciously disregards a substantial and unjustifiable risk that the person's conduct is of the specified nature."  HRS § 702-206 (3)(a)(2014).

"[G]iven the difficulty of proving the requisite state of mind by direct evidence in criminal cases, we have consistently held that proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient."  <u>State v. Stocker</u>, 90 Hawaiʻi 85, 92, 976 P.2d 399, 406 (1999) (brackets, ellipsis, citation & internal quotation marks omitted).  "Thus, the mind of alleged offender may be read from his acts, conduct and inferences fairly drawn from all the circumstances."  <u>Id.</u> (citation & internal quotation marks omitted).

The ADLRO Notice indicates an administrative hearing was held regarding revocation of Kaaikala's license, which could be held only if the ADLRO revoked his license, he was notified

accordingly, and he requested an administrative hearing to review the decision.  See HRS § 291E-38(a) (Supp. 2018); State v. Benitez, CAAP-17-0000143, 2018 WL 2752359, at *1-2 (App. June 8, 2018) (SDO).  Thus, considering the circumstances, we can infer that Kaaikala must have been aware his license was revoked when he requested the hearing.  Further, Kaaikala does not dispute that the ADLRO Notice was mailed to his counsel's address, even though his counsel argued it was a former address.  Finally, Kaaikala failed to produce a driver's license when requested by Officer Aguiar, and he gave no explanation for not having a driver's license in his possession.  Therefore, there is sufficient evidence to conclude that Kaaikala recklessly disregarded the risk that his license remained revoked or restricted when he drove on May 27, 2017.

For the reasons set forth above, the May 1, 2018 Amended Notice of Entry of Judgment and/or Order and Plea/Judgment, the May 1, 2018 Notice of Entry of Judgment and/or Order and Plea/Judgment, and the November 7, 2018 Notice of Entry of Judgment and/or Order and Plea/Judgment, all entered by the District Court, are affirmed.

DATED:  Honolulu, Hawaiʻi, June 14, 2021.

On the briefs:

Alan K. Akao,
Deputy Public Defender,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge