**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000059**
**26-MAY-2022**
**07:54 AM**
**Dkt. 41 SO**

NO. CAAP-20-0000059

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
DEMI NOHEA HO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTC-18-025046)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Demi Nohea Ho (**Ho**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on January 9, 2020, in the District Court of the First Circuit, Honolulu Division (**District Court**).[1] Following a bench trial, Ho was convicted of Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant (**OVLPSR**), in violation of Hawaii Revised Statutes (**HRS**) § 291E-62(a)(1) and/or (a)(2) (Supp. 2017).[2]

---

[1] The Honorable Alvin K. Nishimura presided.

[2] HRS § 291E-62(a) provides, in relevant part:

**Operating a vehicle after license and privilege have been suspended or revoked for operating a vehicle under the influence of an intoxicant; penalties.** (a) No person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted pursuant to this section or to part III or section 291E-61 or 291E-61.5, or to part VII or part XIV of chapter 286 or section 200-81, 291-4, 291-4.4, 291-4.5, or 291-7 as those provisions were in effect on December 31, 2001, shall operate or assume actual physical control of any vehicle:

On appeal, Ho contends that: (1) the District Court erroneously admitted Exhibit 2, a certified traffic abstract (**Abstract**), and Exhibit 3, a Notice of Administrative Review Decision (**ADLRO Notice**);[3] (2) the admission of the Abstract and the ADLRO Notice violated Ho's confrontation rights; and (3) there was insufficient evidence to support Ho's conviction because: (a) Exhibits 2 and 3 were erroneously admitted; (b) the State failed to prove that Ho was the person in the ADLRO Notice; and (c) the State failed to adduce substantial evidence that Ho acted with the requisite state of mind.[4]

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Ho's contentions as follows and affirm.

(1) and (2) Ho contends that the District Court improperly admitted the Abstract and the ADLRO Notice, which she asserts "were not competent evidence to prove that [Ho's] license had been administratively revoked." Ho also contends that admission of the Abstract and the ADLRO Notice violated her confrontation rights.

### The Abstract

At trial, Ho objected to the admission of the Abstract as follows:

> [DEPUTY PROSECUTING ATTORNEY (**DPA**)]: . . . I'm showing defense counsel what has been marked as State's Exhibit No. 2 for identification. . . . It is the certified traffic abstract from the District Court of the First Circuit, State of Hawaiʻi.

---

    (1)   In violation of any restrictions placed on the
          person's license; [or]

    (2)   While the person's license or privilege to
          operate a vehicle remains suspended or
          revoked[.]

[3]     ADLRO refers to the Administrative Driver's License Revocation Office.

[4]     Ho's points of error have been restated and reorganized for clarity.

And we would like to note that the defendant's name is on the certified traffic, as well as the date of birth that Officer Gazelle just stated, . . . and [the] last four digits of her Social Security . . . .

. . . .

[DEFENSE COUNSEL]: And I'm going to object, if she's going to enter into evidence. Lack of foundation.

. . . .

THE COURT: All right. The Court will receive State's Exhibit 2 into evidence.

[DEFENSE COUNSEL]: I'm just going to ask the Court to make a finding as to under what exception. Or, I mean, how the State has laid foundation, I should say. Whether or not it's going to acknowledge that it's a public record or--

THE COURT: Well, it's a certified document from the court, right?

[DPA]: Yes. . . .

THE COURT: Okay. I think what counsel is asking, if you can point to the proper hearsay exception that allows this document to come in.

[DPA]: Your Honor, we would refer to Hawaiʻi Rules of Evidence [(**HRE**)] 902, subsection (5), self authentication. It's an official publication by this -- issued. . . .

[DEFENSE COUNSEL]: Well, I am going to object, because what it is is a printout that is made and generated. And then subsequently gets certified. So it is not an actual judgment by the Court in terms of the revocation, because the revocation was done at ADLRO. All it is is reflecting something, some information that was conveyed to the Court.

So the information that the State is trying to use in order to establish an element or a fact is technically hearsay that's contained in this particular abstract, because the revocation was not done by this Court. It's different from a judgment. . . .

THE COURT: I understand. So you're saying this -- the more direct evidence of the revocation would be the notification from the ADLRO?

[DEFENSE COUNSEL]: Well, the fact that the revocation was done by a different body, in and of itself.

. . . .

THE COURT: And does the State have that document?

[DPA]: Yes, Your Honor. . . .

. . . .

THE COURT: The Court will receive State's Exhibit 2 in at this point, over defense objection.

(Emphases added.)

As reflected in this transcript, Ho first objected to the admission of the Abstract due to "lack of foundation." "[A] 'lack of foundation' objection generally is insufficient to preserve foundational issues for appeal because such an objection does not advise the trial court of the problems with the foundation." State v. Long, 98 Hawaiʻi 348, 353, 48 P.3d 595, 600 (2002). "[A]n exception is recognized when the objection is overruled and, based on the context, it is evident what the general objection was meant to convey." Id. Here, based on Ho's reference to an "exception" and "a public record," the District Court appears to have reasonably construed Ho's objection to the admission of the Abstract as a hearsay objection.

On appeal, Ho contends that the Abstract was "inadmissible as it was not the 'best evidence' to confirm that [Ho's] license had been administratively revoked[.]" Relatedly, Ho argues that "the only 'foundation' adduced by the State for admission of the certified traffic abstract was the certification of the 'Clerk, District Court of the First Circuit, State of Hawaii' that 'I hereby certify that the information provided herein is extracted from the official records of the District Courts of the State of Hawaii.'" Ho also contends that admission of the Abstract violated her confrontation rights.

We need not address Ho's arguments regarding the Abstract for two reasons. First, Ho did not object at trial to admission of the Abstract based on the "best evidence" rule (see HRE Rules 1001-1008) or the certification contained in the Abstract. Nor did Ho assert her confrontation rights with regard to the Abstract. These arguments are thus deemed waived. See State v. Engelby, 147 Hawaiʻi 222, 232-33, 465 P.3d 669, 679-80 (2020) (citing Kobashigawa v. Silver, 129 Hawaiʻi 313, 322, 300 P.3d 579, 588 (2013); State v. Kony, 138 Hawaiʻi 1, 10-11, 375 P.3d 1239, 1248-49 (2016)); HRE Rule 103(a)(1). Second, the Abstract is cumulative with regard to the OVLPSR charge, as the ALDRO Notice (discussed infra) by itself sufficiently shows that Ho's license was administratively revoked when she drove. See State v. Kaaikala, No. CAAP-18-0000931, 2021 WL 2416739, at *3 (Haw. App. June 14, 2021) (SDO) (citing HRS § 291E-62(a) and

4

noting that it "prohibit[s] from driving any 'person whose license and privilege to operate a vehicle have been revoked, suspended, or otherwise restricted' pursuant to, *inter alia*, an ADLRO administrative proceeding").

### The ADLRO Notice

At trial, Ho objected to the admission of the ADLRO Notice as follows:

> [DPA]:  . . . .
>
> . . . Your Honor, if the record could also indicate that I'm showing defense counsel what has been marked for identification as State's Exhibit 3, a Notice of Administrative Review Decision, dated from the District Court of the First Circuit, State of Hawaiʻi, saying that defendant's Hawaiʻi license and privilege to operate a vehicle was revoked from October 14, 2017 to October 13, 2018.
>
> THE COURT:  And this is marked as Exhibit?
>
> [DPA]:  No. 3, Your Honor.
>
> THE COURT:  Okay.
>
> [DEFENSE COUNSEL]:  And I'm going to object to lack of foundation.  State v. Fields.[5]
>
> THE COURT:  Okay.  Any response to the defense objection?
>
> [DPA]:  Your Honor, the State would argue that this is a certified document that is produced by the administrative driver's license revocation.  It's the notice of the decision that was made.  And it's also certified by that body.
>
> THE COURT:  Okay.  The Court, over objection, will receive State's Exhibit 3.
>
> [DEFENSE COUNSEL]:  And just let me -- in terms of elaborate on my objection, because based on State v. Fields, there still needs to be some sort of custodian of records that has to come in order to lay the foundation for that. And we have a right to confront in terms of admission of that particular document.  But I'm just -- this is for the record.
>
> [DPA]:  And, Your Honor, at this time the State would argue that the records are kept because the law requires it, under HRS 286-118 and HRS 286-101.  So it's not being created in anticipation of litigation.
>
> THE COURT:  Okay.  Anything else?

---

[5]  In State v. Fields, 115 Hawaiʻi 503, 168 P.3d 955 (2007), the supreme court addressed the admissibility of hearsay statements under the Confrontation Clause of the Hawaiʻi Constitution.

> [DPA]:  No.
>
> THE COURT:  The Court will receive it into evidence.

(Emphasis and footnote added.)

On appeal, Ho argues that the ADLRO Notice was not competent evidence that her license had been revoked because it was not a final decision.  Ho did not object at trial to admission of the ADLRO Notice on this basis, and her argument is thus deemed waived.  See Engelby, 147 Hawai'i at 232-33, 465 P.3d at 679-80.

Relying on Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009), and Fields, 115 Hawai'i 503, 168 P.3d 955, Ho further argues that the ADLRO Notice was admitted "in violation of [her] constitutional rights to confrontation and due process."[6]  We recently considered a similar argument in Kaaikala, 2021 WL 2416739, at *3-4.  We analyzed the issue and ruled as follows:

> To determine whether the source of a document introduced at trial is subject to confrontation under the Sixth Amendment, the court must determine whether the document is "testimonial" in nature.  State v. Fitzwater, 122 Hawai'i 354, 371, 227 P.3d 520, 537 (2010).  A clerk's certificate of authentication for a business record is *not* testimonial in nature and therefore does not implicate the right of confrontation.  State v. Cruz, 135 Hawai'i 294, 297, 349 P.3d 401, 404 (App. 2015) (citing Melendez-Diaz v. Massachusetts, 557 U.S. 305, 321-22 (2009)).  Similarly, the certification of an ADLRO decision by its custodian of records does not implicate the Confrontation Clause.  State v. Philling, No. CAAP-18-0000653, 2019 WL 6790773, at *5 (Haw. App. Dec. 12, 2019) (SDO) (holding that a defendant's right of confrontation was not implicated by admission of certified copies of ADLRO decisions offered to show the outcome of prior ADLRO proceedings); see also Fitzwater, 122 Hawai'i at 374, 227 P.3d at 540 (holding that a speed check card created in a non-adversarial setting in the regular course of maintaining a police vehicle, five months before the subject speeding incident, was not testimonial in nature and its admission did not violate the defendant's right to confrontation under the Sixth Amendment).  Here, the certification of the ADLRO Notice only authenticates that document, and the ADLRO Notice was created in the regular course of an unrelated prior ADLRO proceeding more than three months before the incident in this case.  Thus, the ADLRO Notice and the certification on that document are not testimonial in nature and do not implicate the Confrontation Clause under the Sixth Amendment.

---

[6]  Because Ho did not invoke due process at trial, her argument based on due process is deemed waived.

> With regard to his confrontation rights under the Hawaiʻi Constitution, Kaaikala cites <u>State v. Fields</u>, 115 Hawaiʻi 503, 528, 168 P.3d 955, 980 (2007), and urges this court to apply the test articulated in <u>Ohio v. Roberts</u>, 448 U.S. 56 (1980) (abrogated by <u>Crawford v. Washington</u>, 541 U.S. 36 (2004)), which he contends requires a showing that (1) the declarant is unavailable, and (2) the statement bears some indicia of reliability, and that the State failed to satisfy either element at trial. However, this court rejected the same argument in <u>State v. Choi</u>, No. CAAP-16-0000765, 2020 WL 419629, at *2 (App. Jan. 27, 2020) (SDO), holding that the <u>Roberts</u> test applies "*only* when the challenged out-of-court statements were made in the course of a prior judicial proceeding" and that when hearsay qualifies for a "firmly rooted exception to the hearsay rule, the Confrontation Clause is satisfied." (Citing <u>State v. Ofa</u>, 9 Haw. App. 130, 138, 828 P.2d 813, 818 (1992)) (emphasis added)); <u>see also</u> <u>State v. Rodrigues</u>, 7 Haw. App. 80, 85, 742 P.2d 986, 990 (1987) (holding that <u>Roberts</u> applies only "when the prosecution seeks to admit *testimony from a prior judicial proceeding* in place of live testimony at trial") (quoting <u>United States v. Inadi</u>, 475 U.S. 387, 393 (1986)) (emphasis added).
>
> . . . Thus, we conclude the <u>Roberts</u> test does not apply with regard to the certification and the ADLRO Notice. [<u>Ofa</u>, 9 Haw. App. at 138, 828 P.2d at 818.]

<u>Id.</u>

The same reasoning applies here. The certification of the ADLRO Notice only authenticates that document, which was created in the regular course of an unrelated prior ADLRO proceeding more than seven months before the incident in this case. <u>See</u> <u>id.</u>; <u>see also</u> <u>Philling</u>, 2019 WL 6790773, at *5 ("Here, the ADLRO Decisions are official records of the outcome of prior ADLRO proceedings and were not prepared specifically for use at Philling's trial in this case. Although the underlying proceedings were confrontational in nature, the certified copies of the ADLRO Decisions were offered to prove the fact of the prior revocations, but were not offered to prove the facts supporting the ADLRO Decisions." (citing <u>State v. Samonte</u>, 83 Hawaiʻi 507, 534-38, 928 P.2d 1, 28-32 (1996))).[7] Accordingly, admission of the ADLRO Notice did not violate Ho's confrontation rights.

---

[7] It also appears that the State introduced the ADLRO Notice as a self-authenticating, certified public record under HRE Rule 902. As such, the ADLRO Notice was admissible under the HRE Rule 803(b)(8) public records hearsay exception, which is a "firmly rooted hearsay exception." <u>Kaaikala</u>, 2021 WL 2416739, at *4.

7

(3)   Ho contends there was insufficient evidence to support her conviction, in part because "[t]he State failed to adduce substantial evidence that [Ho] was the person identified in the [A]bstract and [ADLRO Notice]."

The Hawaiʻi Supreme Court has made clear:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury.  The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. . . .
>
> "Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable [a person] of reasonable caution to support a conclusion. And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.

State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007) (quoting State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992)).

Here, at trial, Officer Darren K. Sunada (**Officer Sunada**) identified Ho as the person whose vehicle he stopped on April 21, 2018.  Officer Sunada testified that Ho was unable to produce a driver's license or any up-to-date insurance documents and instead provided her Hawaiʻi identification card and verbally provided her entire Social Security number.  Based on this information, Officer Sunada "ran checks in [his] department-issued mobile data computer," which brought to his attention "that [Ho's] Hawaiʻi license status was actively revoked, under our AR, Administrative Revocation."  Additionally, HPD Officer Arthur Gazelle (**Officer Gazelle**) testified that he was involved in Ho's prior arrest on September 13, 2017 for Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) and identified Ho in court.  Officer Gazelle testified that at the time of that arrest, he completed and signed a Notice of Administrative Revocation (**Revocation Notice**),[8] and "then had [Ho] sign the last page" in his presence.  The Revocation Notice,

---

[8]    Ho did not object to the admission of the Revocation Notice into evidence.

the Abstract, and the ADLRO Notice all contained consistent identifying information, including the same name, driver's license permit number, last four digits of social security number, and police report number. This evidence, along with the two officers' testimony, was sufficient to identify Ho as the same person whose license had been revoked. See State v. Rios, No. CAAP-19-0000718, 2021 WL 964862, at *2 (Haw. App. March 15, 2021) (SDO (concluding that similar evidence was sufficient to identify the defendant as the same person whose license was revoked).

Ho further contends that "[t]he State failed to adduce substantial evidence that [Ho] was aware that her license was revoked at the time of the incident."

Because the state of mind required to establish an offense under HRS § 291E-62(a) is not specified in the statute, the State was required to prove that Ho acted intentionally, knowingly, or recklessly with respect to each element of the offense. See Rios, 2021 WL 964862, at *2 (applying HRS § 702-204 (2014)).[9/] "[G]iven the difficulty of proving the requisite state of mind by direct evidence in criminal cases, we have consistently held that proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient." State v. Stocker, 90 Hawaiʻi 85, 92, 976 P.2d 399, 406 (1999) (original brackets, ellipsis, and internal quotation marks omitted) (quoting State v. Mitsuda, 86 Hawaiʻi 37, 44, 947 P.2d 349, 356 (1997)).

Here, Officer Gazelle testified that on September 13, 2017, when Ho was arrested for OVUII, she did not have a driver's license and had only an expired Hawaiʻi permit. Officer Gazelle explained to Ho that under normal circumstances, if she were licensed, the Revocation Notice would have served as a temporary

---

[9/]    "A person acts recklessly with respect to attendant circumstances when he consciously disregards a substantial and unjustifiable risk that such circumstances exist." HRS § 702-206(3)(b) (2014). "A risk is substantial and unjustifiable within the meaning of this section if, considering the nature and purpose of the person's conduct and the circumstances known to him, the disregard of the risk involves a gross deviation from the standard of conduct that a law-abiding person would observe in the same situation." HRS § 702-206(3)(d).

permit; however, in this case, it would not serve as a permit because Ho was unlicensed. Officer Gazelle also noted that he selected the option on the form reflecting Ho's current license status which stated: "This IS NOT a Temporary Permit" and explained to Ho "this is not a permit. You cannot drive, because you were -- you're not licensed to drive." Officer Gazelle notified Ho that she would receive a copy of the administrative review decision and asked her if she had any questions. The Revocation Notice also stated: "The administrative review decision shall be mailed to you: (a) No later than eight days after the date of the issuance of this Notice in the case of an alcohol related offense[.]" The subsequently issued ADLRO Notice stated: **"Your license and privilege to operate a vehicle are revoked from 10/14/17 to 10/13/18**." (Emphasis in original.)

We conclude there was substantial evidence that Ho consciously disregarded a substantial and unjustifiable risk that her license was revoked when she operated a motor vehicle and was stopped by Officer Sunada, even if, as Ho asserts, there was no direct evidence that she actually received a copy of the ADLRO Notice. See State v. Lioen, 106 Hawaiʻi 123, 132, 102 P.3d 367, 376 (App. 2004) (concluding that a person "who knows his license has been revoked or suspended for DUI-alcohol or DUI-drugs in the past and knows he does not have a valid driver's license, acts recklessly if he drives without determining whether his license remains suspended or revoked for DUI-alcohol or DUI-drugs"); see also State v. Alesana, No. CAAP-19-0000612, 2021 WL 1694869, at *4 (Haw. App. April 29, 2021) (SDO) ("Alesana consciously disregarded a substantial and unjustifiable risk that his license was revoked when he operated a moped and was stopped by Officer Carlbom, even if there was no proof that Alesana actually received a copy of the Notice of Administrative Review Decision."); Rios, 2021 WL 964862, *2 (determining that the defendant "consciously disregarded a substantial and unjustifiable risk that his license was revoked when he drove his car five months later when he was stopped and arrested by Officer Borowski . . . even though there was no direct evidence that Rios was aware that his license had been revoked[.]").

**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

For these reasons, the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on January 9, 2020, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED:  Honolulu, Hawai'i, May 26, 2022.


On the briefs:

Brian S. Kim
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge


/s/ Keith K. Hiraoka
Associate Judge


/s/ Clyde J. Wadsworth
Associate Judge